UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Ronald Bloodworth, | ) | CASE NO. 3:11 CV 1154 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES G. CARR |
| | ) | |
| v. | ) | |
| | ) | OPINION AND ORDER |
| Keith Smith, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

*Pro Se* plaintiff Ronald  Bloodworth filed the above-captioned action under 42 U.S.C. §
1983 against Toledo Correctional Institution ("ToCI") Warden Keith Smith and ToCI Captain K.J.
Fullenkamp.  In his Complaint, plaintiff alleges that defendants violated his constitutional rights
by prohibiting him from wearing plait-style braids in his hair.  Plaintiff seeks injunctive, declaratory
and monetary relief.

I.      **Background**

Plaintiff is a state prisoner and is incarcerated at Toledo Correctional Institution in Toledo,
Ohio.  He alleges that, on March 1, 2011, he was placed in segregation by order of defendant
Fullenkamp for wearing plait-style braids and refusing to remove them when requested.  While he

1

was in segregation, plaintiff appeared before the Rules Infraction Board for a disciplinary hearing and was informed that plait-style braids are in violation of ToCI Local Policy L-02.[1]  Plaintiff was sentenced by the Board to eight days of disciplinary control confinement.

It appears from the Complaint that plaintiff was asked to remove his plaits while in segregation.  Plaintiff claims that, when he refused to do so, ToCI corrections officers threatened to extend his segregation placement and conduct a forced haircut. He further claims that his segregation cell was excessively cold and that he caught a bad cold while staying there, for which he was forced to seek medical attention.

On March 10, 2011, plaintiff filed an Informal Complaint Resolution ("ICR") against defendant Fullenkamp regarding plaintiff's placement in segregation for wearing plait-style braids.  Therein, plaintiff alleged that ToCI Local Policy L-02's prohibition against plait-style braids conflicts with Ohio Admin. Code § 5120-9-25(D), which he claims explicitly authorizes such braids.  He further claimed that, because Department of Rehabilitation and Correction ("DRC") Policy 56-DSC-01 prohibits a penal institution from creating any policy which conflicts with the Ohio Administrative Code, ToCI Local Policy L-02 is unconstitutional and should never have been enacted.  Plaintiff's ICR was denied.

Plaintiff then filed a Notice of Grievance with the Inspector for Institutional Services, asserting the same arguments.  Inspector Tara Pinski responded, stating that plaits are permitted per ToCI Local Policy L-02 because they are a form of braid.  She stated, however, that braids must be worn from the front to the back of the head in order to satisfy the requirements of Local Policy

---

[1]     Plaintiff has not attached ToCI Local Policy L-02 to his Complaint, or otherwise provided this Court with the content of this Policy.

L-02. Plaintiff subsequently filed a notice of appeal to the Chief Inspector, arguing that plaits cannot be worn from the front to the back of the head as they are "rope-styled" braids that hang from the scalp.  Accordingly, plaintiff argued, ToCI's policy of permitting plaintiff to only wear braids from the front to the back of his head effectively prohibits him from wearing plait-style braids. He further argued that this policy constituted a violation of his constitutional rights. Plaintiff's appeal was apparently denied.

Plaintiff thereafter filed the instant Complaint, asserting three causes of action.  In Count One, plaintiff alleges that defendants "have created and are enforcing" an institutional policy against plait-style braids that is unconstitutional because it conflicts with the Ohio Administrative Code and is in violation of DRC 56-DSC-01.  In Count Two, plaintiff alleges a retaliation claim under the First Amendment on the grounds that he was placed in segregation not as a punishment for wearing a prohibited hairstyle but in retaliation for wearing a permitted hairstyle (i.e., plaits) that is disfavored at ToCI.  Finally, in Count Three, plaintiff argues that his right to equal treatment under the Fourteenth Amendment was violated when defendants "refused to allow plaintiff to wear a permitted hairstyle (plaits) unlike other inmates who are permitted to wear the permitted hairstyle of braids."  (Compl. at ¶ 21).

Plaintiff seeks declaratory relief from this Court in the form of a judgment that ToCI Local Policy L-02 is unconstitutional and plaintiff's constitutional rights have been violated. He also seeks an order expunging his March 1, 2011 conduct report and any other records of any kind associated with the disciplinary proceedings related to this matter, as well as any privilege revocations and/or sanctions associated therewith.  Plaintiff also seeks the appointment of counsel, and $150,000 in compensatory and punitive damages.  Finally, he asks the Court to award him "his

3

reasonable costs and attorney fees." (Complt. at p. 20).[2]

## II.      Standard

Pursuant to 28 U.S.C. § 1915(e)(2)(B), a complaint filed by a prisoner proceeding *in forma pauperis* shall be dismissed with prejudice if it (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).[3] A complaint is frivolous "where it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law or fact if it "contains factual allegations that are 'fantastic or delusional' or if it is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (quoting *Neitzke*, 490 U.S. at 327-28).

Dismissal of a complaint under § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown*, 207 F.3d at 866. *See also Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). The court must "'construe the complaint in the light most favorable to plaintiff [and] accept all well-pleaded factual allegations as true.'" *Thomas*, 481 F.3d at 437 (quoting *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir.

---

[2]     In his Complaint, plaintiff also seeks a temporary restraining order and/or preliminary injunctive relief. Plaintiff also filed a Motion for Temporary Restraining Order on the same grounds, which was denied by this Court in an Order dated June 13, 2010.

[3]     An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

4

2003)). In addition, pleadings filed by a *pro se* litigant are held to "less stringent standards than formal pleadings drafted by lawyers," and must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Thomas*, 481 F.3d at 437.

For the reasons stated below, this action is dismissed pursuant to §1915(e).

**III.     Analysis**

To establish a claim under § 1983, a plaintiff must establish that (1) he was deprived of a right secured by the Constitution or the laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Simescu v. Emmet County Dep't of Soc. Services*, 942 F.2d 372, 374 (6th Cir. 1991). If a plaintiff fails to make a showing on any essential element of a § 1983 claim, that claim must fail. *Simescu*, 942 F.2d at 375.

Plaintiff alleges the following three claims under Section 1983: (1) a claim that ToCI Local Policy L-02 is unconstitutional because it conflicts with Ohio Admin. Code § 5120-9-25(D); (2) a First Amendment retaliation claim; and (3) a Fourteenth Amendment claim equal treatment claim. The Court will address each in turn.

**A.     Constitutionality of ToCI Local Policy L-02**

Plaintiff first alleges that ToCI Local Policy L-02 is unconstitutional because it conflicts with Ohio Admin. Code ("OAC") § 5120-9-25(D), which plaintiff claims explicitly authorizes plait-style braids. Because Dept. of Rehab. and Correction ("DRC") regulation 56-DRC-01 prohibits a penal institution from creating any policy which conflicts with the Ohio Administrative Code, plaintiff argues that ToCI Local Policy L-02 is unconstitutional and should never have been enacted

5

or enforced.

As stated *supra*, plaintiff has not provided this Court with ToCI Local Policy L-02 or otherwise set forth its contents anywhere in his Complaint.  For purposes of this analysis, the Court will assume, as plaintiff alleges, that Local Policy L-02 prohibits prisoners from wearing plait-style braids that are worn hanging from the scalp, rather than from the front to the back of the head.

As an initial matter, it is not clear that Local Policy L-02 expressly conflicts with Ohio Admin. Code § 5120-9-25(D), as plaintiff maintains. Section 5120-9-25(D) provides as follows:

> Haircuts shall be provided as needed.  Hair shall be clean, neatly trimmed, shall not extend over the ears or shirt collar and shall not protrude more than three inches from the scalp.  Braids may be worn subject to the limitations of this rule.  The following hairstyles or facial hair are not permitted: Initials, symbols, dyes, multiple parts, hair disproportionately longer in one area than another (excluding natural baldness), weaves and dreadlocks.  Other hairstyles not specifically listed herein may be prohibited if they are determined to be either a threat to security or contrary to other legitimate penological concerns, as determined by the office of prisons.  If approved by the warden, an inmate may wear a wig for medical reasons or in conjunction with medical treatment.

Ohio Admin. Code § 5120-9-25(D). Contrary to plaintiff's allegations, the Court finds that the above provision does not explicitly authorize plait-style braids that are worn, as plaintiff prefers, hanging from the scalp.

Even if this provision did expressly authorize such plait braids and therefore conflict with Local Policy L-02, the Court finds that plaintiff has failed to state a claim upon which relief may be granted because he has not alleged that Local Policy L-02's prohibition against plait-style braids infringes on any federal constitutional rights.  Plaintiff does not set forth any allegation that  his ability to exercise a constitutional right is impeded by defendants' prohibition against plait-style braids that are worn in plaintiff's preferred style, i.e., hanging from the scalp. Rather, it appears

6

from plaintiff's Complaint that his desire to wear plait braids is purely a matter of personal preference. As the Supreme Court has noted, however, "[a] detainee simply does not possess the full range of freedoms of an unincarcerated individual." *Bell v. Wolfish*, 441 U.S. 520, 546 (1979).

In the absence of any allegations that Local Policy L-02 infringes on plaintiff's exercise of a constitutional right, plaintiff's argument Local Policy L-02 is unlawful because it conflicts with Ohio Admin. Code § 5120-9-25(D) in violation of DRC 56-DRC-01[4] is not cognizable under § 1983. Accordingly, the Court finds that Count I of plaintiff's Complaint fails to state a claim upon which relief may be granted and is subject to dismissal under § 1915(e).[5]

### B.     First Amendment Retaliation Claim

Plaintiff next alleges a retaliation claim under the First Amendment on the grounds that defendants placed him in segregation in retaliation for wearing a hairstyle that is "disfavored" at ToCI, i.e., plait-style braids.

In order to establish a cause of action for retaliation, a plaintiff must: (1) prove that the conduct which led to the retaliation was constitutionally protected; (2) show that the defendant took adverse action against the plaintiff; and (3) demonstrate a causal link between the exercising of the constitutional right and the adverse action taken. *See Brown v. Crowley*, 312 F.3d 782, 787 (6th Cir. 2002); *Johnson v. Collins*, 2009 WL 1543811 at *6 (N.D. Ohio June 2, 2009).

---

[4]     DRC 56-DRC-01 relates to the "Inmate Disciplinary Process" and provides, in pertinent part, that an institutional policy "must not conflict with the [Ohio] Administrative Rules regarding discipline." *See* 56-DRC-01 at VI(C)(2).

[5]     Similarly, to the extent plaintiff is generally challenging the reasonableness of ToCI Local Policy L-02, this claim must fail as well for the reason that plaintiff has not alleged that this policy impinges on his constitutional rights. *See Turner v. Safley*, 482 U.S. 78, 89 (1987) (holding that "when a prison regulation *impinges on inmates' constitutional rights*, the regulation is valid if it is reasonably related to legitimate penological interests") (emphasis added).

7

In the instant case, plaintiff alleges that the conduct which led to his placement in segregation was his wearing of, and refusal to remove, plait-style braids in violation of ToCI Local Policy L-02. As stated above, plaintiff has not alleged that his ability to wear plait braids is constitutionally protected. Therefore, the Court finds that Count II of plaintiff's Complaint has failed to satisfy the first element of a retaliation claim under *Brown, supra*, and is subject to dismissal for failure to state a claim upon which relief may be granted pursuant to § 1915(e).

### C.    Fourteenth Amendment "Equal Treatment" Claim

Lastly, plaintiff alleges that his right to equal treatment under the Fourteenth Amendment was violated when defendants "refused to allow plaintiff to wear a permitted hairstyle (plaits) unlike other inmates who are permitted to wear the permitted hairstyle of braids." (Compl. at ¶ 21).

The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The Equal Protection Clause does not forbid all classifications, but simply prevents governmental decision makers from treating differently persons who are similarly situated in all relevant respects. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).

 In order to establish an equal protection violation, a plaintiff must demonstrate that the defendants treated similarly situated individuals in a disparate manner. *Gillard v. Norris*, 857 F.2d 1095, 1101 (6th Cir. 1988). The Court finds that plaintiff's equal protection claim fails in the instant case because plaintiff has failed to allege that defendants permitted other inmates to wear plait-style braids but prohibited plaintiff from wearing such braids. While plaintiff claims that defendants allowed other inmates to wear corn row-style braids without being placed in segregation, these inmates are not similarly situated to plaintiff because they did not attempt to wear their hair in plait

8

braids.[6]  Accordingly, the Court finds that Count III of plaintiff's Complaint fails to state a claim upon which relief may be granted and is, thus, subject to dismissal under § 1915(e).

**Conclusion**

Accordingly,  this action is dismissed pursuant to 28 U.S.C. § 1915(e).  The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.[7]

IT IS SO ORDERED.

S/ JAMES G. CARR
UNITED STATES DISTRICT COURT

---

[6]     Plaintiff himself distinguishes between corn-row and plait-style braids in his Complaint, noting that the former are worn close to the scalp whereas "plait-style" braids are a rope-style braid worn hanging from the scalp.

[7]     28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.